UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

GREAT LAKES INSURANCE SE

     Plaintiff,

                                      CASE NO.

vs.

RENTAL BOAT CORP.,

     Defendant.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, GREAT LAKES INSURANCE SE, by and through its undersigned attorneys, and for its Complaint seeking this Court's Declaratory Judgment would respectfully state as follows:

## JURISDICTION AND VENUE

1. This is an action for declaratory relief pursuant to Title 28 of the United States Code, sec. 2201 et seq, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

2. Venue lies within the Southern District of Florida as this cause arises out of a policy of marine insurance delivered by the Plaintiff to the Assured named therein, the Defendant RENTAL BOAT CORP. a Florida corporation with its office located in Weston, Florida.

3. This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to Title 28 of the United States Code, sec. 1333.

1

4. Plaintiff, GREAT LAKES INSURANCE SE, (hereinafter "GREAT LAKES") is a corporation organized and existing under the laws of the United Kingdom, with its office and principal place of business located in the United Kingdom, in the City of London.

5. Upon information and belief, the Defendant RENTAL BOAT CORP. (hereinafter "RENTAL BOAT") is a corporation organized and existing under the laws of the State of Florida.

## FACTUAL ALLEGATIONS

6. On or about May 3, 2019, Plaintiff "GREAT LAKES" in exchange for good and valuable consideration issued to the Defendant "RENTAL BOAT" its Marine Insurance Policy No. CSRYP/175020 affording Hull & Machinery coverage on the vessel "WHEN IN ROME" in the amount of $400,000.00 on the said 2010 50 ft Marquis vessel which was alleged to be owned by the said Defendant.

7. A true and correct copy of the Policy Schedule and the policy language for Plaintiff's Policy No. CSPYP/175020 is attached hereto as Exhibit "A."

8. On or about October 21, 2019, while the Plaintiff's Policy No. CSPYP/175020 was in full force and effect, the 2010 50 ft Marquis vessel named "WHEN IN ROME" which was allegedly owned by the said Defendant while berthed at the Rickenbacker Marina on Key Biscayne, Florida is alleged to have sustained extensive damage to the hull, engines, mechanical and electrical elements as a result of a fire.

9. Upon receipt of the first notice of the October 21, 2019 incident described herein, Plaintiff caused an investigation to be made into the facts and circumstances surrounding the said incident.

10. The said investigation established that the fire which occurred aboard the insured vessel was caused by rust which had accumulated in the vessel's generator sound shield and generator tray, resulting in a short circuit.

11. The said investigation established that the damage sustained by the insured vessel was not due to anything of a fortuitous nature and was not an event for which Plaintiff's policy of marine insurance would afford any coverage.

12. The said investigation established that the vessel owned by the Defendant was in unseaworthy condition both prior to and also as of the date and time of the October 21, 2019 incident described herein.

13. The said investigation established that the damage sustained by the insured vessel was caused by wear and, tear, gradual deterioration, lack of maintenance, etc.

14. The said investigation established that the damage sustained by the insured vessel's engines, mechanical and electrical parts, etc., was not caused by an accidental external event.

15. Notwithstanding the facts established by Plaintiff's said investigation, the Defendant has made a claim against the Plaintiff under the terms of Policy No. CSPYP/175020 demanding payment of the full price for effecting extensive repairs the vessel insured under the terms of the said policy.

## FIRST CAUSE OF ACTION

16. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 15 as if set forth fully herein.

17. Plaintiff's policy states, in pertinent part:

<u>2.   INSURING AGREEMENT</u>

This is a legally binding insurance contract between you and us, incorporating in full the application signed by you. We will provide the insurance coverage described in this insuring agreement, in return for payment to us of the premium due and compliance by covered persons with the provisions, conditions and warranties of this insuring agreement.

<u>3.   Coverage A, Hull, Machinery, Equipment and Dinghy</u>

If a sum insured is shown for Section "A" of the insuring agreement declarations page, we provide coverage for ***accidental physical loss*** of, or damage to a scheduled vessel which occurs during the period of this insuring agreement and within the limits set out in the insuring agreement declarations page, subject to the insuring agreement provisions, conditions, warranties. deductibles and exclusions.

18. The incident in which the Defendant's vessel sustained damage on October 21, 2019 does not constitute an accidental physical loss for which coverage would be afforded under the express terms and provisions of Plaintiff's policy of marine insurance.

19. Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, Defendant" RENTAL BOAT"  has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the vessel insured under the said terms of the said policy of marine insurance

20. As a result of the aforesaid lack of coverage under the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/175020.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed

by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

21. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## SECOND CAUSE OF ACTION

22. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 15 as if set forth fully herein.

23. Plaintiff's policy states, in pertinent part:

> 9.  General Conditions & Warranties
>
> ******
>
> b) It is warranted that the scheduled vessel is seaworthy at all times during the duration of this insuring agreement. Breach of this warranty will void this insuring agreement from its inception.

24. The post-incident investigation carried out by the Plaintiff established that the vessel allegedly owned by the Defendant was in unseaworthy condition both prior to and also as of the date and time of the October 21, 2019 incident described herein.

25. The Defendant "RENTAL BOAT" was therefore in direct violation of the said express warranty set forth in Plaintiff's policy of marine insurance and therefore was in breach of the duties imposed upon the Defendant by the express terms of the Plaintiff's policy.

26. Defendant's breach of the express warranty set forth in the Plaintiff's policy of marine insurance renders the said policy void *ab initio* and/or entitles the Plaintiff to declare the said policy void.

27. Defendant's breach of the warranty set forth in the Plaintiff's policy of marine insurance permits the Plaintiff to avoid liability for the costs of repairing or replacing the vessel as a result of the incident of October 21, 2019.

28. Notwithstanding the said breach of an express warranty and the lack of any coverage under Plaintiff's policy of marine insurance, Defendant "RENTAL BOAT" has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or in the alternative, to replace, the vessel insured under the terms of the said policy of marine insurance.

29. As a result of the Defendant's breach of an express warranty and the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/175020.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

30. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a <u>bona fide</u>, actual and present dispute exists calling for this Court's Declaratory Judgment.

## **THIRD CAUSE OF ACTION**

31. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 15 as if set forth fully herein.

32. Plaintiff's policy states, in pertinent part:

Exclusions to Coverage A

Unless specifically agreed by us in writing and additional premium charged the following losses and/or damages (whether incurred directly or indirectly) are not covered by this insuring agreement:

******

b)  Losses due to wear and tear, gradual deterioration, lack of maintenance, inherent vice, weathering, insects, mould, animal and marine life.

33. The incident in which the Defendant's vessel sustained damage on October 21, 2019 was due to wear and tear, gradual deterioration, lack of maintenance, etc., for which coverage is excluded under the express terms and provisions of Plaintiff's policy of marine insurance.

34. Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the vessel insured under the said terms of the said policy of marine insurance.

35. As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/175020. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed

by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

36. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## **FOURTH CAUSE OF ACTION**

37. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 15 as if set forth fully herein.

38. Plaintiff's policy states, in pertinent part:

Exclusions to Coverage A

Unless specifically agreed by us in writing and additional premium charged the following losses and/or damages (whether incurred directly or indirectly) are not covered by this insuring agreement:

\*\*\*\*\*\*

r) Damage to the Scheduled Vessel's engines, mechanical and electrical parts, unless caused by an accidental external event such as collision, impact with a fixed or floating object, grounding, stranding, ingestion of foreign object, lightning strike or fire.

39. The incident in which the Defendant's vessel sustained damage on October 21, 2019 was not caused by an accidental external event such as collision, etc., and coverage is therefore excluded under the express terms and provisions of Plaintiff's policy of marine insurance.

40. Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the vessel insured under the said terms of the said policy of marine insurance.

41. As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/175020. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

42. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a _bona fide_, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Plaintiff demands judgment from the Court:

(A)     Declaring that the relationship of insurer and insured does not exist between Plaintiff and Defendant "RENTAL BOAT" as regards the incident of October 21, 2019 in which the insured vessel sustained damage;

(B)     Declaring that Plaintiff's Policy No. CSRYP/175020 does not afford coverage to the Defendant "RENTAL BOAT" for the incident of October 21, 2019 in which the insured vessel sustained damage;

(C)     Declaring that neither the incident of nor the damage resulting from the incident of October 21, 2019 constitutes an accidental physical loss;

(D)     Declaring that coverage for the incident of October 21, 2019 is excluded under the terms of clear and unambiguous exclusions set forth in Plaintiff's policy;

(E)     Declaring that the breach of the policy's warranty of seaworthiness by the Defendant as described herein voids the Plaintiff's Policy No. CSRYP/175020 *ab initio* and relieves the Plaintiff from any and all liability to the said Defendant under the terms of the Hull & Machinery coverage afforded under the said policy of marine insurance;

(F) Declaring that any and all damage sustained by the vessel's engines, mechanical and electrical parts as a result of the incident of October 21, 2019 is excluded per the clear and unambiguous terms of the policy.

(G) Any and all such other and further relief as the Court may deem proper and appropriate in the premises.

Dated: January 22, 2020
Fort Lauderdale, Florida

> GOLDMAN & HELLMAN
> Attorneys for Plaintiff
> 8751 W. Broward Boulevard
> Suite 404
> Fort Lauderdale, Florida 33324
> Tel (954) 356-0460
> Fax (954) 832-0878
>
> By:   /s/ Steven E. Goldman
>      STEVEN E. GOLDMAN, ESQ.
>      FLA. BAR NO. 345210
>      JACQUELINE L. GOLDMAN, ESQ.
>      FLA. BAR NO. 1005573