**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY**

| | |
|---|---|
| GREAT LAKES INSURANCE SE ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 0:20-cv-60133-WPD |
| vs. ) | |
| ) | |
| RENTAL BOAT CORP. ) | |
| ) | |
| Defendant. ) | |

**MOTION TO STRIKE JURY DEMAND**

COMES NOW the Plaintiff, GREAT LAKES INSURANCE SE, by and through its undersigned attorneys and pursuant to Rule 9(h), Rule 38(e), and Rule 39(a)(2) of the Federal Rules of Civil Procedure and the Local Rule 7.1 of the United States District Court for the Southern District of Florida, files this its motion to strike the jury demand of Defendant RENTAL BOAT CORP.  As grounds thereof, the Plaintiff would respectfully state as follows:

**Statement of Facts**

The present dispute arises out of a policy of marine insurance issued by the Plaintiff, GREAT LAKES INSURANCE SE (hereinafter "GLI") to the Defendant, RENTAL BOAT CORP. (hereinafter "RBC").  GLI's Complaint for Declaratory Judgment, Docket Entry #1.  As described in the Plaintiff's Amended Complaint for Declaratory Judgment, the Plaintiff issued to the Defendants a policy of marine insurance affording $400,000.00 in first-party hull & machinery coverage for the 2010 50 ft Marquis vessel named "WHEN IN ROME" (hereinafter "the Vessel"). DE#1, p. 2.  On or about October 21, 2019, the Vessel is alleged to have sustained extensive damage to the hull, engines, mechanical and electrical elements as a result of a fire.  *Id*.

1

Following the report of the fire and the assertion by the Defendant of a claim for coverage under the policy of marine insurance, the Plaintiff caused a full investigation to be conducted into the causes and circumstances of the claimed loss. *Id*. Based on the facts uncovered in that investigation, the Plaintiff determined that the policy of marine insurance afforded no coverage for the fire loss which occurred on or about October 21, 2019. The investigation established that the fire loss was not caused by a fortuitous event. *Id*, at p. 4. The investigation established that the vessel was unseaworthy prior to and at the time of the fire loss. *Id*, at p. 5. The investigation established that coverage for the fire loss is excluded under the express terms of the policy of marine insurance. *Id*, at p. 7. The investigation established that the fire loss was not caused by an accidental external event. *Id*, at p. 8.

On January 22, 2020, the Plaintiff filed the above captioned declaratory judgment action for the purpose of obtaining an expeditious decision from this Court confirming the lack of coverage afforded by the policy of marine insurance. *Id*. The only basis for subject-matter jurisdiction invoked by the Plaintiff was admiralty, 28 U.S.C. §1333. *Id*, at p. 1. The Plaintiff's declaratory judgment action expressly invoked Rule 9(h) of the Federal Rules of Civil Procedure and the caption included the phrase "IN ADMIRALTY". *Id*. The Civil Cover Sheet filed along with the declaratory judgment action expressly requested that any trial in this matter be a bench trial, not a jury trial. DE#1-1.

In response, Defendant RBC filed an answer and affirmative defenses, as well as a counterclaim against Plaintiff GLI alleging that the disputed policy of marine insurance affords coverage for the fire loss which occurred on or about October 21, 2019. DE#8. As part of that counterclaim, Defendant RBC has requested a jury trial. *Id*, at p. 8.

As detailed below, neither the U.S. Constitution nor any rule of federal law allows a counterclaiming defendant to demand a jury trial in a case where a plaintiff has properly invoked the court's admiralty jurisdiction and elected to proceed without a jury.

## **Argument**

An insurer's complaint seeking a declaratory judgment on a marine insurance policy, asking for the federal court's interpretation of that policy and the rights and responsibilities of the parties thereto, properly invokes federal admiralty jurisdiction. *Puritan Ins. Co. v. Eagle S.S. Co.*, 779 F.2d 866 (2d Cir.1985). Furthermore, the federal courts of this nation have repeatedly held that the marine insurer's invocation of admiralty jurisdiction under 28 U.S.C. §1333 and Rule 9(h) of the Federal Rules of Civil Procedure results in the entire action being subject to non-jury trial by the court. The plaintiff's election under Rule 9(h) to a complete non-jury adjudication controls the entire litigation.

*See*, *Underwriters v. On the Loose Travel, Inc.*, 1999 A.M.C. 1742 (S.D.Fla.1999); *Albany Insurance Co. v. Ngo Van Nguyen*, 1997 A.M.C. 335 (E.D.La.1996); *Albany Insurance Co. v. Jones*, 1996 A.M.C. 2456 (D.Alaska.1996); *Homestead Insurance Co. v. Woodington Corp.*, 1993 A.M.C. 1552 (E.D.Va.1992); *Hanjin Shipping Co. v. Jay*, 1991 A.M.C. 2596 (C.D.Cal.1991); *Royal Insurance Co. of America v. Hansen*, 125 F.R.D. 5 (D.Mass.1988); *Reliance Insurance Co. v. McGrath*, 671 F. Supp. 669 (N.D.Cal.1987).

In the case of *Matter of Armatur*, 710 F. Supp. 404 (D.P.R.1989), the court ruled on this exact issue, stating emphatically that the plaintiff "rules the roost when it comes to Rule 9(h) designations."

> ...Rule 9(h) gives to the plaintiff the right to characterize a claim having two possible bases of jurisdiction as either an admiralty claim or an ordinary civil claim. Rule 9(h) "permits a plaintiff... to identify his claim as an admiralty claim to obtain certain procedural

> benefits traditionally available under admiralty jurisdiction." *Carey v. Bahama Cruise Lines*, 864 F.2d 201, 206 (1st Cir.1988).

*Armature*, supra, at 405.

Expanding upon these "procedural benefits" inuring to the plaintiff, the court examined the precise issue in contention in Plaintiff's instant motion:

> That the choice under Rule 9(h) belongs to the plaintiff is most marked in those cases where a plaintiff has designated his claim as an admiralty claim under Rule 9(h), thereby electing the special admiralty procedures, one of which is a non-jury trial, and the defendant demands a jury. **The plaintiff's Rule 9(h) designation reigns supreme, and will operate to deny the defendant a right to jury trial he might otherwise have had**.

*Armatur*, supra, at 406, n. 4 [emphasis added].

The cases demonstrate that even where there is a cross-claim or a counterclaim, the Plaintiff's original designation of the case as an admiralty action filed under Rule 9(h) will "rule the roost" and prevent any jury from being empanelled for any reason in the litigation. *Jefferson Insurance Company v. Maine Offshore Boats*, 2001 A.M.C. 2171 (D.Me.2001), *Clarendon Insurance Co. v. Fernandez*, 1999 A.M.C. 2885 (D.P.R.1999).

There have been recent decisions issued by federal district courts affirming in the strongest language this insistence upon the marine insurance company's right to a full and complete non-jury adjudication of its Rule 9(h) action for declaratory judgment, even in the event of the assertion of a counterclaim alleging state law causes of action, such as bad faith. This was stated by Judge Bucklew of the United States District Court for the Middle District of Florida in the case of *Great Lakes Reinsurance (UK) plc v. Masters*, 2008 A.M.C. 1045 (M.D.Fla.2008), where the Court ruled that "Masters is not entitled to a jury trial on his counterclaim. Instead, when a plaintiff elects to pursue a non-jury admiralty action pursuant to Rule 9(h), a counterclaiming defendant is not entitled to a jury trial." *Id.*, at 1046.

*See also*, *Federal Insurance Co. v. PGG Realty*, 2007 A.M.C. 1125 (S.D.N.Y.2007); *ING Groep NV v. Stegall*, 2004 A.M.C. 2992 (D.Colo.2004); *Windsor Mount Joy Mutual Insurance Co. v. Johnson*, 2003 A.M.C. 2174, 264 F.Supp.2d 158 (D.N.J.2003); *Reliance National Insurance Company (Europe) Ltd. v. Hanover*, 2003 A.M.C. 715 (D.Mass.2003).

Recently, the United States Court of Appeals for the Eleventh Circuit affirmed, in the strongest possible terms, that the plaintiff's invocation of admiralty jurisdiction and the plaintiff's decision to proceed pursuant to FRCP 9(h) entitled the plaintiff to elect for a bench trial. *St. Paul Fire & Marine Ins. Co. v. Lago Canyon*, 561 F.3d 1181 (11th Cir. 2009). In the *Lago Canyon* case, just as in the matter before the bar of this Court, the marine insurer commenced its declaratory judgment action in the federal district court pursuant to admiralty jurisdiction only and per the express terms of Rule 9(h) of the Federal Rules of Civil Procedure. *Id*, at 1183. The unhappy insured responded with an answer and a counterclaim, even alleging another basis for federal jurisdiction and demanding a jury trial. *Id*, at 1184-1185. The demand for a jury was denied and the appeal to the Eleventh Circuit resulted in the definitive ruling holding that there can be no jury on any aspect of the litigation where, as in the matter before the bar of this Court, the plaintiff marine insurer has denominated the action as an admiralty action under Rule 9(h). *Id*, at 1189. The Eleventh Circuit stated simply that "there is no Seventh Amendment right to a jury trial on maritime claims." *Id.*, at 1188.

Just last year, considering a declaratory judgment action just like the present one, the Southern District of Florida held that "[the marine insurer] has only proceeded by way of Rule 9(h) in its complaint, and so [the insured] is not entitled to a jury trial." *National Union Fire Insurance Company of Pittsburgh, P.A. v. Vinardell Power Systems, Inc.*, 2019 WL 1440383, p. 4. (S.D.Fla.2019).

5

In the instant matter, the Defendants have asserted a demand for a jury trial. DE#8. However, the caselaw cited above makes clear that the Seventh Amendment's right to a jury trial does not apply to suits in which admiralty is the basis for the federal court's jurisdiction, as it is in the present case.

WHEREFORE, Plaintiff prays that the Court will enter its Order striking the Defendants' demands for a jury, and setting this case for a non-jury trial, along with all such other and further relief as the Court may deem proper in the premises.

Dated:     April 30, 2020
           Fort Lauderdale, Florida

                              GOLDMAN & HELLMAN
                              Attorneys forPlaintiff
                              8751 W. Broward Boulevard
                              Suite 404
                              Fort Lauderdale, Florida 33324
                              Tel (954) 356-0460
                              Fax (954) 832-0878
                              Email steven@goldmanandhellman.com

                              By:    /s/ Steven E. Goldman
                                     STEVEN E. GOLDMAN, ESQ.
                                     FLA. BAR NO. 345210

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that, in compliance with Local Rule 7.1(a)(3), Michael I. Goldman, Esq., partner in the law firm of Goldman & Hellman, conferred with counsel for Defendant RENTEL BOAT CORP. regarding there relief sought here.  Counsel for Defendant RENTAL BOAT CORP. represented that Defendant RENTAL BOAT CORP. opposes the relief sought here.

>GOLDMAN & HELLMAN
>Attorneys for Plaintiff
>8751 W. Broward Boulevard
>Suite 404
>Fort Lauderdale, Florida 33324
>Tel (954) 356-0460
>Fax (954) 832-0878
>Email steven@goldmanandhellman.com
>
>By:   /s/ Steven E. Goldman
>        STEVEN E. GOLDMAN, ESQ.
>        FLA. BAR NO. 345210

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 30, 2020 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send an electronic Notice of Filing to all counsel of record.

>GOLDMAN & HELLMAN
>Attorneys for Plaintiff
>8751 W. Broward Boulevard
>Suite 404
>Fort Lauderdale, Florida 33324
>Tel (954) 356-0460
>Fax (954) 832-0878
>Email steven@goldmanandhellman.com
>
>By:   /s/ Steven E. Goldman
>        STEVEN E. GOLDMAN, ESQ.
>        FLA. BAR NO. 345210